UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WARREN AIKEN, JR. ,

    Plaintiff,

v.                                                              Case No:   2:16-cv-671-FtM-99MRM

BARRY S. SELTZER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the Complaint (Doc. 1) and the Affidavit of Indigency (Doc. 2) both filed on August 31, 2016.  The Court construes the Affidavit of Indigency (Doc. 2) as a Motion to Proceed *In Forma Pauperis*.

In the Order (Doc. 4) entered on September 6, 2016, the Undersigned carefully reviewed both the Complaint (Doc. 1) and the Affidavit of Indigency (Doc. 2).  The Undersigned explained that when an application is filed to proceed in forma pauperis, the Court is obligated to review the file pursuant to 28 U.S.C. § 1915.  (Doc. 4 at 1).  Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915.  (*Id.*).  A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  (*Id.*).

In the September 6 Order, the Undersigned determined that Plaintiff must complete and file an Application to Proceed Without Prepayment of Costs—Long Form within twenty-one days from the date of the Order.  (Doc. 4 at 1-2).  The Court was unable to determine if Plaintiff

qualifies to proceed *in forma pauperis* based on his Affidavit of Indigency.  Specifically, Plaintiff responded to many of the questions in the Affidavit of Indigency with the word "Postal," which was unhelpful in determining Plaintiff's financial status.  (Doc. 2 at 2-3; Doc. 4 at 2).

Moreover, the Court required Plaintiff to amend the Complaint to state a cause of action. Specifically, the Court referred to Fed. R. Civ. P. 8.  (*See* Doc. 4 at 2).  Pursuant to Fed. R. Civ. P. 8, a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3).

The Court previously determined that the allegations in the Civil Rights Complaint are so unclear that the Court is unable to determine:  (1) whether this Court has jurisdiction in this matter; (2) the party or parties Plaintiff is suing; and (3) whether Plaintiff asserts a claim upon which relief may be granted.  (*See* Doc. 4 at 2).  While *pro se* complaints should be held to a less stringent standard than pleadings drafted by attorneys, the allegations in Plaintiff's Civil Rights Complaint do not amount to a claim cognizable in federal court.  *See Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1]  Nor do the claims assert how this Court has jurisdiction over the defendant(s) or the claims in this case.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

In the September 6 Order, the Court required Plaintiff to amend the Complaint to present a short, plain statement of the court's jurisdiction as well as a short, plain statement of his claim showing that he is entitled to relief. (Doc. 4 at 2). Further, the Court required Plaintiff to state what rights under the Constitution, laws, or treaties of the United States have been violated, or allege how this Court has jurisdiction over this matter. (Doc. 4 at 2-3). Finally, the Court required Plaintiff to set forth a statement of facts for each claimed violation. (Doc. 4 at 2-3). The Court allowed Plaintiff twenty-one (21) days in which to file an Amended Complaint. (Doc. 4 at 3). Plaintiff failed to comply with the September 6 Order.

On October 11, 2016, the Court entered an Order to Show Cause (Doc. 5) informing Plaintiff that by failing to comply with the September 6 Order, Plaintiff was failing to prosecute this action. Local Rule 3.10 provides that "[w]henver it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." M.D. Fla. R. 3.10. The Court afforded Plaintiff one final opportunity to comply with prior Court Orders. Plaintiff failed to comply with the October 11 Order.

Plaintiff failed to file an Application to Proceed Without Prepayment of Costs—Long Form and failed to file an Amended Complaint within the time period allowed by the Court. Thus, Plaintiff is failing to comply with Court Orders and failing to prosecute this action. *See* M.D. Fla. R. 3.10.

    **IT IS RESPECTFULLY RECOMMENDED** that:

1) The Affidavit of Indigency (Doc. 2) construed as a Motion to Proceed *In Forma Pauperis* (Doc. 2) be **DENIED**; and

2) This action be dismissed for failure to comply with Court Orders and failure to prosecute.

Respectfully recommended in Chambers in Ft. Myers, Florida on November 3, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties